THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGIA-PACIFIC CONSUMER
PRODUCTS LP,

       Plaintiff,

v.

SOUNDVIEW PAPER
HOLDINGS LLC and SOLARIS
PAPER, INC.,

       Defendants.

Civil Action No. _____

JURY TRIAL DEMANDED

## **COMPLAINT**

Georgia-Pacific Consumer Products LP ("Georgia-Pacific") states the following for its Complaint against Soundview Paper Holdings LLC and Solaris Paper, Inc. ("Defendants"):

1.     Georgia-Pacific is an industry-leading consumer products company that manufactures, markets, and sells bath tissue, facial tissue, towels, napkins, and related consumer products through both retail and commercial channels throughout the United States. Georgia-Pacific manufactures, markets, and sells the well-known Angel Soft® brand of bath tissue, which for many years has been marketed and sold in a unique and distinctive trade dress comprising: (1) a teal colored label,

(2) images of clouds, (3) a picture of a baby, and (4) the Angel Soft® word mark in a stylized font, examples of which appear below (the "Angel Soft® Trade Dress"):

 

2.      Despite having an entire universe of packaging options available to choose from, Defendants are manufacturing, distributing, and selling bath tissue under the name "Soft Touch" in packaging obviously designed to trade upon the goodwill of the Angel Soft® Trade Dress, in that it features (1) a teal colored label, (2) an image of a cloud, (3) a picture of a baby, and (4) the words "Soft Touch" in a stylized font similar to that used on the Angel Soft® packaging:



Blatant imitation of this type creates a serious likelihood of confusion among consumers, and is anathema to the public interest.

3.      Compounding matters, the front of Defendants' packaging contains two explicit references to Angel Soft®, immediately causing Angel Soft® bath tissue to come to a consumer's mind and creating a false association with Georgia-Pacific and the Angel Soft® brand:



4.      Willing to deceive consumers and blatantly trading on the goodwill associated with Georgia-Pacific's brand, Defendants have unlawfully created a likelihood of confusion with the Angel Soft® brand. Those same actions also dilute Georgia-Pacific's distinctive trade dress.

## NATURE OF THE ACTION

5.      Georgia-Pacific brings this action for trademark and trade dress infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); for trademark dilution under the anti-dilution laws of several states, including the Georgia anti-dilution act, O.C.G.A. § 10-1-451; for deceptive trade practices under the laws of several states, including the Georgia Unlawful Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*;

for unfair competition under the laws of Georgia, O.C.G.A. § 23-2-55; and for trademark and trade dress infringement, unfair competition, and deceptive trade practices under the common law of several states, including Georgia.

## PARTIES

6.     Plaintiff Georgia-Pacific Consumer Products LP is a Delaware limited partnership with a principal place of business at 133 Peachtree Street, Atlanta, Georgia 30303.

7.     Defendant Soundview Paper Holdings LLC, doing business as Soundview Paper Company ("Soundview"), is a Delaware limited liability company with a principal place of business at 1 Market Street, Elmwood Park, New Jersey 07404. Soundview is a manufacturer of a variety of consumer paper products, including bath tissue, that are distributed in Georgia and throughout the United States.

8.     Defendant Solaris Paper, Inc. ("Solaris") is a Delaware corporation with a principal place of business at 13415 Carmenita Road, Santa Fe Springs, California 90670. Solaris is a manufacturer of a variety of consumer paper products, including bath tissue, that are distributed in Georgia and throughout the United States.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1121 and 1125, and 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over Georgia-Pacific's state law claims under 28 U.S.C. § 1338(b) because these claims are joined with substantial and related claims under federal law, and pursuant to the doctrine of supplemental jurisdiction under 15 U.S.C. § 1367.

10.     This Court has personal jurisdiction over Defendants. On information and belief, Soundview and Solaris manufacture and distribute the infringing bath tissue that is the subject of this action, as well as other consumer paper products that are distributed and sold within the State of Georgia and this judicial District. Defendants have established contacts with the State of Georgia sufficient for this Court to exercise personal jurisdiction over Defendants.

11.     Venue is proper and appropriate in this District pursuant to 28 U.S.C. § 1391(b)-(c) in that Defendants distribute, offer for sale, and sell, within this judicial District, the infringing bath tissue that is the subject of this action, and a substantial part of the events giving rise to the claims arise in this judicial District.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### The Angel Soft® Brand and Trade Dress

12.    First introduced in 1944, Georgia-Pacific's Angel Soft® brand is one of the most popular and successful bath tissue brands in the United States.

13.    Georgia-Pacific owns several federal trademark registrations incorporating the designation "Angel Soft®" for bath tissue, including, by way of example, the following:

| MARK | Reg. No. |
|------|----------|
| Angel Soft® | 781,414 |
| Angel Soft® | 1,172,215 |
| Angel Soft® | 2,989,711 |
| Angel Soft® (stylized) | 2,512,417 |
| Angel Soft® PS | 2,912,982 |

Copies of the Certificates of Registration for these trademarks are attached collectively as **Exhibit 1**, as are documents evidencing the chain of title for these registrations. Pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, all of these registrations are now incontestable.

14.    In addition to the Angel Soft® word mark, Georgia-Pacific identifies its Angel Soft® bath tissue by using the unique and distinctive Angel Soft® Trade Dress, which is comprised of the combination of: (1) a teal colored label, (2) images of clouds, (3) a picture of a baby, and (4) the Angel Soft® word mark in a stylized font.

15.    The Angel Soft® Trade Dress has been used since at least as early as

2008, including as depicted below:

 

16.    Moreover, Georgia-Pacific's use of a teal colored label and a picture

of a baby on Angel Soft® packaging dates back even further, to at least 1994, as

depicted below:



17.    The Angel Soft® Trade Dress is covered by federal trademark

registration number 3,949,871, a copy of the Certificate of Registration for which

is attached as **Exhibit 2**:



18.     Georgia-Pacific has invested hundreds of millions of dollars in advertising and promoting Angel Soft® bath tissue, through television advertising, print advertising, and other promotional activities. In the last five years alone, Georgia-Pacific has invested over $175 million in advertising and promoting Angel Soft® bath tissue.

19.     Georgia-Pacific also has promoted its Angel Soft® bath tissue through numerous high profile events, including Disney® sweepstakes, the Angels in Action® volunteer program, and the Bath Moments® promotion on the America's Funniest Home Videos television series.

20.     Georgia-Pacific further promotes its Angel Soft® Trade Dress, bath tissue, and brand by offering coupons, freestanding inserts, and in-store sales materials for retail customers. Samples of various promotional materials for Angel Soft® bath tissue are attached as **Exhibit 3**.

21.     Over the past five years, Georgia-Pacific's net revenues for the sale of Angel Soft® bath tissue total over $7 billion.

22.     The Angel Soft® Trade Dress is inherently distinctive. Moreover, based on extensive advertising, promotion, and sales, Georgia-Pacific's Angel Soft® Trade Dress has acquired distinctiveness, and enjoys secondary meaning among consumers as a source identifier.

23.     The Angel Soft® Trade Dress is nonfunctional, in that it is neither essential to the nature or quality of the packaging nor does it provide Georgia-Pacific with a non-reputation-related competitive advantage. Numerous alternative, non-infringing packaging designs exist in the highly competitive bath-tissue segment.

## DEFENDANTS' UNLAWFUL ACTS

24.     In a blatant attempt to take advantage of Georgia-Pacific's goodwill, Defendants have closely mimicked Georgia-Pacific's Angel Soft® Trade Dress— selling bath tissue in packaging that is substantially and confusingly similar to Georgia-Pacific's Angel Soft® Trade Dress, in that it features: (1) a teal colored label, (2) an image of a cloud, (3) a picture of a baby, and (4) the words "Soft Touch" in a stylized font, as shown below (the "Soft Touch Packaging"):



25.     Indeed, of all the fonts available to them, Defendants intentionally selected a font for the word "Soft" that closely mirrors the font used in the Angel Soft® Trade Dress, as depicted below:

**Angel Soft® Trade Dress**          **Soft Touch Packaging**

          

26.     The overall appearance of Defendants' Soft Touch Packaging is confusingly similar to Georgia-Pacific's Angel Soft® Trade Dress.

27.     Further compounding matters, Defendants' packaging incorporates a contrasting yellow-gold border, which is conspicuously similar to the yellow-gold border often employed on Georgia-Pacific's packaging, and the front of Defendant's packaging further contains two explicit references to Angel Soft®, immediately causing Angel Soft® bath tissue to come to a consumer's mind and creating a false association with Georgia-Pacific and the Angel Soft® brand:



28.     The bath tissue manufactured, distributed, marketed, sold, and offered for sale by Defendants is not manufactured by Georgia-Pacific, nor are Defendants associated or connected with Georgia-Pacific, or licensed, authorized, sponsored, endorsed, or approved by Georgia-Pacific.

29.     The Soft Touch bath tissue manufactured, distributed, and sold by Defendants competes directly with bath tissue sold by Georgia-Pacific, and these goods are sold through similar retail channels of trade.

30.     Defendants began manufacturing, distributing, selling, and offering for sale the infringing bath tissue and packaging after Georgia-Pacific had established protectable rights in its Angel Soft® Trade Dress and after the Angel Soft® Trade Dress had become recognized by consumers as a distinctive identifier of the source of bath tissue product.

31.     The Soft Touch Packaging is likely to deceive, confuse, and mislead purchasers, prospective purchasers, and others into mistakenly believing, initially and thereafter, that bath tissue sold by Defendants is produced by, authorized by, or in some manner associated with Georgia-Pacific, when it is not.

32.     Defendants' activities are likely to cause confusion among purchasers, prospective purchasers, and others viewing Defendants' bath tissue before and/or at the time of purchase. By causing such a likelihood of confusion, mistake, and deception, Defendants are inflicting irreparable harm to the goodwill symbolized

11

by the Angel Soft® Trade Dress and the reputation that the Angel Soft® Trade Dress embodies.

33.     Defendants' activities are likely to cause consumers mistakenly to associate Defendants' bath tissue with Georgia-Pacific's Angel Soft® brand, causing a likelihood of dilution of the distinctive quality of the Angel Soft® Trade Dress. By causing such a likelihood of dilution, Defendants are inflicting irreparable harm to the goodwill symbolized by the Angel Soft® Trade Dress and the reputation that the Angel Soft® Trade Dress embodies.

34.     On information and belief, Defendants knowingly, willfully, intentionally, and maliciously adopted and used a confusingly similar imitation of Georgia-Pacific's Angel Soft® Trade Dress.

35.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Angel Soft® Trade Dress and trademarks, to the great and irreparable injury of Georgia-Pacific.

## COUNT I:
## FEDERAL UNFAIR COMPETITION

36.     Georgia-Pacific repeats and incorporates by reference the allegations in the foregoing paragraphs.

37.     Defendants' use of confusingly similar imitations of the Angel Soft® Trade Dress is causing and is likely to continue causing confusion, deception, and mistake by creating the false and misleading impression that Defendants' bath

12

tissue is manufactured or distributed by Georgia-Pacific, or is affiliated, connected, or associated with Georgia-Pacific, or has the sponsorship, endorsement, or approval of Georgia-Pacific, when that is not the case.

38.   Defendants' use of the Angel Soft® trademark on Defendants' packaging is causing and is likely to continue causing confusion, deception, and mistake by creating the false and misleading impression that Defendants' bath tissue is manufactured or distributed by Georgia-Pacific, or is affiliated, connected, or associated with Georgia-Pacific, or has the sponsorship, endorsement, or approval of Georgia-Pacific, when that is not the case.

39.   Defendants have made false representations, false descriptions, and false designations of origin of their goods, and Defendants' activities, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public and additionally, injury to Georgia-Pacific's goodwill and reputation as symbolized by the Angel Soft® Trade Dress and trademarks, all in violation of 15 U.S.C. § 1125(a), for which Georgia-Pacific has no adequate remedy at law.

40.   Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Angel Soft® Trade Dress and trademarks, to the great and irreparable injury of Georgia-Pacific.

41.     Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Georgia-Pacific, and Georgia-Pacific is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT II:
## FEDERAL TRADEMARK INFRINGEMENT

42.     Georgia-Pacific repeats and incorporates by reference the allegations in the foregoing paragraphs.

43.     Defendants' Soft Touch Packaging is confusingly similar to Georgia-Pacific's registered Angel Soft® Trade Dress and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' bath tissue is manufactured or distributed by Georgia-Pacific, or is associated or connected with Georgia-Pacific, or has the sponsorship, endorsement, or approval of Georgia-Pacific, when that is not the case.

44.     Defendants' Soft Touch bath tissue packaging displays Georgia-Pacific's registered Angel Soft® trademarks and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' bath tissue is manufactured or distributed by Georgia-Pacific, or is associated or connected with Georgia-Pacific, or has the sponsorship, endorsement, or approval of Georgia-Pacific, when that is not the case.

14

45.     Defendants have used and continue to use a trade dress and trademarks confusingly similar to Georgia-Pacific's federally registered trade dress and trademarks in violation of 15 U.S.C. § 1114, and Defendants' activities, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public and additionally, injury to Georgia-Pacific's goodwill and reputation as symbolized by Georgia-Pacific's federally registered trade dress and trademarks, for which Georgia-Pacific has no adequate remedy at law.

46.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Georgia-Pacific's federally registered trade dress, to Georgia-Pacific's great and irreparable injury.

47.     Defendants have caused and are likely to continue causing substantial injury to the public and to Georgia-Pacific, and Georgia-Pacific is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## COUNT III:
## STATE TRADEMARK DILUTION

48.     Georgia-Pacific repeats and incorporates by reference the allegations in the foregoing paragraphs.

49.    The Angel Soft® Trade Dress and trademarks are inherently distinctive. Additionally, Georgia-Pacific has extensively and continuously promoted and used the Angel Soft® Trade Dress and trademarks in the United States, and the trade dress and trademarks thereby have acquired distinctiveness, and are well-known symbols of Georgia-Pacific's bath tissue.

50.    Defendants' unauthorized use of confusingly similar imitations of Georgia-Pacific's Angel Soft® Trade Dress and trademarks is likely to injure Georgia-Pacific's business reputation or to dilute the distinctiveness of Georgia-Pacific's Angel Soft® Trade Dress by eroding the public's exclusive identification of this distinctive, well-known trade dress, and otherwise lessen the capacity of Georgia-Pacific's Angel Soft® Trade Dress to identify and distinguish Georgia-Pacific's bath tissue.

51.    Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Georgia-Pacific's Angel Soft® Trade Dress and trademarks and to cause dilution of the Angel Soft® Trade Dress and trademarks to the great and irreparable injury of Georgia-Pacific.

52.    Defendants are causing and will continue causing irreparable injury to Georgia-Pacific's goodwill and business reputation, and dilution of the distinctiveness and value of Georgia-Pacific's Angel Soft® Trade Dress, trademarks, and brand in violation of the Georgia anti-dilution act, O.C.G.A. § 10-

1-451(b), as well as the anti-dilution laws of the several states, including Alabama, ALA. CODE § 8-12-17; Missouri, MO. ANN. STAT. § 417.061(1); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12; New York, N.Y. GEN. BUS. LAW § 360-l; Rhode Island, R.I. GEN LAWS § 6-2-12; and Texas, TEX BUS. & COM. CODE ANN. § 16.29. Georgia-Pacific therefore is entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

## COUNT IV:
## UNFAIR AND DECEPTIVE TRADE PRACTICES

53.     Georgia-Pacific repeats and incorporates by reference the allegations in the foregoing paragraphs.

54.     Defendants have been and are passing off their bath tissue as that of Georgia-Pacific, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendants' bath tissue, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with Georgia-Pacific, and otherwise damaging the public. Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*, and the unfair and deceptive trade practices statutes of other states, including Illinois, 815 ILL. COMP. STAT. ANN. 510/1 to 510/7; Minnesota, MINN. STAT. ANN. § 325D.43 to .48; Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306; New York, N.Y. GEN. BUS. LAW § 349; North Carolina, N.C. GEN. STAT. ANN. §

75-1.1; Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04; and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55.

55.     Defendants' unauthorized use of confusingly similar imitations of Georgia-Pacific's Angel Soft® Trade Dress and trademarks has caused and is likely to continue causing substantial injury to the public and to Georgia-Pacific, and Georgia-Pacific is entitled to injunctive relief and to recover damages, costs, and reasonable attorneys' fees.

## COUNT V:
## COMMON LAW TRADEMARK INFRINGEMENT &
## UNFAIR COMPETITION

56.     Georgia-Pacific repeats and incorporates by reference the allegations in the foregoing paragraphs.

57.     Defendants' acts constitute common law trademark infringement and unfair competition under the laws of the several states, and have created and will continue to create a likelihood of confusion to the irreparable injury of Georgia-Pacific unless restrained by this Court, and Georgia-Pacific has no adequate remedy at law for this injury.

58.     Defendants acted with full knowledge of Georgia-Pacific's use of, and rights to the Angel Soft® Trade Dress and trademarks without regard to the likelihood of confusion of the public created by Defendants' activities.

59.     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Georgia-Pacific's Angel Soft® Trade Dress and trademarks, and to mislead consumers, to the great and irreparable injury of Georgia-Pacific.

60.     Because of Defendants' acts, Georgia-Pacific has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Georgia-Pacific is entitled to injunctive relief, an accounting of Defendants' profits, damages, and costs. Further, in light of Defendants' willful, intentional, and malicious use of confusingly similar imitations of Angel Soft® Trade Dress and trademarks, and deliberately false and misleading advertising, all done with specific intent to cause harm Georgia-Pacific, and the need to deter Defendants from similar conduct in the future, additionally is entitled to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Georgia-Pacific prays that:

1.     Defendants and all of their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants, be enjoined permanently, from, directly or indirectly:

a.  using the Angel Soft® Trade Dress, or any other copy, reproduction, or colorable imitation, or confusingly similar version of the same, including the Soft Touch Packaging, on or in connection with Defendants' goods;

b.  using any trademark, service mark, trade dress, name, logo, design, or source designation of any kind on or in connection with Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to the trademarks, service marks, trade dresses, names, or logos of Georgia-Pacific;

c.  using any trademark, service mark, trade dress, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced or provided by Georgia-Pacific, or is sponsored or authorized by Georgia-Pacific, or is in any way connected or related to Georgia-Pacific;

d.  using any trademark, service mark, trade dress, name, logo, design, or source designation of any kind on or in connection with Defendants' goods that dilutes or is likely to dilute the distinctiveness of the trademarks, service marks, trade dresses, names, or logos of Georgia-Pacific; and

20

e.  passing off, palming off, or assisting in passing off or palming off,
Defendants' goods as those of Georgia-Pacific, or otherwise
continuing any and all acts of unfair competition as alleged in this
Complaint.

2.  Defendants be ordered to recall  all goods infringing the Angel Soft®
Trade Dress and trademarks, or containing any other confusingly similar trade
dress or mark, including the Soft Touch Packaging, which have been shipped by
Defendants or under Defendants' authority, to any customer including, but not
limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to
deliver to each customer a copy of this Court's order as it relates to said injunctive
relief against Defendants;

3.  Defendants be ordered to deliver up for impoundment and for
destruction all bath tissue, bags, boxes, labels, tags, signs, packages, receptacles,
advertising, sample books, promotional material, or other materials in the
possession, custody, or under the control of Defendants that are found to adopt,
infringe, or dilute Georgia-Pacific's trade dress or trademarks or that otherwise
unfairly compete with Georgia-Pacific and its products and services;

4.  Defendants be compelled to account to Georgia-Pacific for any and all
profits derived by Defendants from the sale or distribution of infringing goods as
described in this Complaint;

5.     Georgia-Pacific be awarded all damages caused by the acts forming the basis of this Complaint;

6.     Based on Defendants' willful and intentional conduct, the damages award be trebled and the award of Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7.     Defendants be required to pay to Georgia-Pacific the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), and the state statutes cited in this Complaint;

8.     Pursuant to O.C.G.A. § 51-12-5.1, and based on Defendants' willful, intentional, malicious, and bad faith actions, which were done with specific intent to cause harm, punitive damages in favor of Georgia-Pacific and against Defendants in an amount sufficient to punish, penalize and deter;

9.     Georgia-Pacific be awarded interest and prejudgment interest; and

10.     Georgia-Pacific have such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

Georgia-Pacific respectfully demands a trial by jury on all claims and issues so triable.

This sixteenth day of April 16, 2015.

Respectfully submitted,

/s/ William H. Brewster
William H. Brewster
Georgia Bar No. 080422
R. Charles Henn Jr.
Georgia Bar No. 347098
Jennifer Fairbairn Deal
Georgia Bar No. 940527
KILPATRICK TOWNSEND &
STOCKTON LLP
Telephone:      404-815-6500
Facsimile:      404-815-6555
Email:     BBrewster@KilpatrickTownsend.com
          CHenn@KilpatrickTownsend.com
          JDeal@KilpatrickTownsend.com

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, | Civil Action No. _____ |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| SOUNDVIEW PAPER HOLDINGS LLC and SOLARIS PAPER, INC., | |
| Defendants. | |

## CERTIFICATE OF COMPLIANCE

Pursuant to Civil Local Rule LR 7.1D, I hereby certify that the foregoing

**COMPLAINT** complies with the relevant font and point selection limitations of

Civil Local Rule LR 5.1C. This Complaint is typed in Times New Roman (14

point) according to the word-processing system used to prepare it.

/s/ Jennifer Fairbairn Deal
Jennifer Fairbairn Deal
*Counsel for Georgia-Pacific
Consumer Products LP*

24